*Law Library*

FILED
SUPERIOR COURT
OF GUAM

2013 JUN 19 PM 2: 06

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM

vs.

ANTHONY T. QUENGA,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CF0020-08

**DECISION AND ORDER: Defendant's Motion to Extend Time for Ten Days**

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on June 18, 2013, for a Pre-Trial Conference and Further Proceedings. Anthony T. Quenga ("Defendant") also filed a Motion to Extend Time for Ten Days. Defendant was represented by Sylvia L.G. Stake. Co-Defendant David Q. Manila was represented by Attorney Terence E. Timblin. Assistant Attorney General Jonathan R. Quan represented the People of Guam ("the People"). The Court orally DENIED Defendant's Motion and reduces to writing its Decision and Order.

## BACKGROUND

On November 16, 2012, Defendant was indicted by a Superior Court of Guam Grand Jury on the following charges: (1) Conspiracy to Compel Prostitution (as a 3rd Degree Felony) (2) Conspiracy to Promote Prostitution (as a 3rd Degree Felony) (3) Conspiracy to Commit Kidnapping (as a 2nd Degree Felony) (4) Conspiracy to Commit Felonious Restraint (as a 3rd Degree Felony) (5) Solicitation to Compel Prostitution (as a 3rd Degree Felony) (6) Solicitation to Promote Prostitution (as a 3rd Degree Felony) (7) Solicitation to Commit Kidnapping (as a 2nd

Degree Felony) (8) Solicitation to Commit Felonious Restraint (as a 3rd Degree Felony) (9) Nine counts of Compelling Prostitution (as a 3rd Degree Felony) (10) Sixteen counts of Promoting Prostitution (as a 3rd Degree Felony) (11) Attempt to Promote Prostitution (as a 3rd Degree Felony) (12) Attempted First Degree Criminal Sexual Conduct (as a 1st Degree Felony) (13) Attempted Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) (14) Criminal Intimidation (as a Misdemeanor) (15) Official Misconduct (as a Misdemeanor) and (16) Abetting Prostitution (as a Misdemeanor). Superseding Indictment (Nov. 16, 2012).

On November 23, 2012, a Second Superseding Indictment was handed down by a Superior Court of Guam Grand Jury charging Defendant Quenga with the following: (1) Conspiracy to Commit Kidnapping (as a 2nd Degree Felony); (2) Kidnapping (9 counts) (as a 2nd Degree Felony); (3) Conspiracy to Commit Felonious Restraint (as a 3rd Degree Felony); (4) Felonious Restraint (9 counts) (as a 3rd Degree Felony); (5) Conspiracy to Compel Prostitution (as a 3rd Degree Felony); (6) Compelling Prostitution (9 counts) (as a 3rd Degree Felony); (7) Conspiracy to Promote Prostitution (as a 3rd Degree Felony); (8) Promoting Prostitution (11 counts) (as a 3rd Degree Felony); (9) Solicitation to Commit Kidnapping (as a 3rd Degree Felony); (10) Solicitation to Commit Felonious Restraint (as a 3rd Degree Felony); (11) Solicitation to Compel Prostitution (as a 3rd Degree Felony); (12) Solicitation to Promote Prostitution (as a 3rd Degree Felony); (13) Attempt to Compel Prostitution (as a 3rd Degree Felony); (14) Attempt to Promote Prostitution (as a 3rd Degree Felony); (15) First Degree Criminal Sexual Conduct (as a 1st Degree Felony) (16) Second Degree Criminal Sexual Conduct (2 counts) (as a 1st Degree Felony); (17) Attempted First Degree Criminal Sexual Conduct (as a 1st Degree Felony); (18) Attempted Second Degree Criminal Sexual Conduct (as a 1st Degree Felony); (19) Criminal Intimidation (as a Misdemeanor); (20) Official Misconduct

(as a Misdemeanor) (21) Abetting Prostitution (as a Misdemeanor); and (22) Criminal Facilitation (as a Misdemeanor) <u>Second Superseding Indictment</u> November 23, 2012.

On March 15, 2013, a Third Superseding Indictment was handed down by a Superior Court of Guam Grand Jury charging Defendant Quenga with the following: (1) Nine counts of Conspiracy to Commit Kidnapping (as a 1st Degree Felony); (2) Nine counts of Kidnapping (as a 1st Degree Felony); (3) Nine Counts of Conspiracy to Commit Felonious Restraint (as a 3rd Degree Felony); (4) Nine counts of Felonious Restraint (as a 3rd Degree Felony); (5) Nine counts of Conspiracy to Compel Prostitution (as a 3rd Degree Felony); (6) Nine counts of Compelling Prostitution (as a 3rd Degree Felony); (7) Ten counts of Conspiracy to Promote Prostitution (as a 3rd Degree Felony); (8) Ten counts of Promoting Prostitution (as a 3rd Degree Felony); (9) First Degree Criminal Sexual Conduct (as a 1st Degree Felony); (10) Two counts of Second Degree Criminal Sexual Conduct (as a 1st Degree Felony); (11) Attempted First Degree Criminal Sexual Conduct (as a 1st Degree Felony); (12) Attempted Second Degree Criminal Sexual Conduct (as a 1st Degree Felony); (13) Criminal Intimidation (as a Misdemeanor); and (14) Official Misconduct (as a Misdemeanor). <u>Third Superseding Indictment</u> (Mar. 15, 2013).

Defendant is currently held in the custody of the Guam Detention Facility pending the posting of *cash* bail in the amount of $250,000.00. <u>Commitment Order</u> (Nov. 19, 2012).

## DISCUSSION

Defendant moves the Court to continue trial or extend time for ten days for good cause. Defendant made this request for the following reasons:

1) Counsel was appointed by this Court seventeen days ago from the time the instant motion was filed.

2) Review of more than 3,000 pages of discovery, two grand jury cds, and nine other cds, containing material not reduced to paper.

3) Discovery is confusing and disorganized.

4) Time and attention has been diverted by the appeals to the Supreme Court which necessitated research on computation of time when speedy trial right is asserted.

5) Counsel has not had time to confer with Defendant to adequately prepare his defense due to the volume of discovery materials, distraction by side issues raised, and the necessity of attending to other cases.

6) Defendant Quenga will be prejudiced in his defense if counsel does not get the additional time requested to review and organize discovery to prepare a viable defense, conduct proper-cross-examination, and submit additional jury instructions of her choosing to supplement those adopted from prior counsel.

7) Counsel recently learned of the Guam Supreme Court's decisions on codefendant's appeals and was unable to get the other parties' positions on this matter.

8) The instant motion for a ten day extension is not filed for the purpose of delay and no party will be prejudiced by granting the motion. See Def's. Mot. to Extend Time for Ten Days (Jun. 18, 2013).

The People did not file any written opposition as the matter was heard on the same day of its filing.

Defendant Quenga continues to assert his right to a speedy trial. With the recent decision from the Supreme Court of Guam denying a Writ of Mandate for purposes of speedy trial violations relative to the case at bar, this Court has diligently set this matter to proceed in accordance with the Defendant's express desire to be brought to trial within the time prescribed

CF20-08: People v. Anthony T. Quenga
Defendant Quenga's Mot. to Extend Time for Ten Days

under Guam law. Defendant Quenga's counsel, Sylvia L.G Stake, was appointed to this case on May 31, 2013. Immediately after Ms. Stake's appointment, the Court set a Pre Trial Conference on June 3, 2013, at 2 p.m. to determine whether there was any conflict in her representation of him. At that time, Ms. Stake indicated that she received all materials from Defendant's previous counsel. She also indicated that she needed additional time to prepare, since the Court was to set the matter for jury selection on June 4, 2013. See Transcript JDAASCRA (6/3/13) at 2:08 p.m. Based on that request, the Court continued the matter to the following Wednesday to allow counsel reasonable time to review the matter as 8 GCA § 80.40 was cited. The People did not have a position and left the issue to the Court's discretion. Id. at 2:11 p.m.

Defendant's preparation time is prescribed in Guam law as follows:

> The defendant is entitled to at least five (5) days after entering his plea to prepare for trial but he may waive any part of such time.

8 GCA § 80.40 (2005).

In the instant case, Defendant was arraigned on March 20, 2013, following the Third Superseding Indictment. Based on the plain reading of the above statute and the passing of more than five days from arraignment, the Court finds that Defendant has been given adequate time to prepare based on Guam law. Moreover, the Court set jury selection and trial to commence on June 19, 2013, from 1 p.m. through 5 p.m. Defendant and his counsel are still afforded the opportunity to prepare during those times outside the allotted 1 through 5 time frame. For these reasons and the Defendant's continued assertion of his right to a speedy trial, the Court **DENIES** the motion.

///

///

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant Anthony T. Quenga's Motion to Extend Time for Ten Days.

**SO ORDERED** this __19__ day of __June__, 2013.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

JUN 1 9 2013

CF20-08: People v. Anthony T. Quenga
Defendant Quenga's Mot. to Extend Time for Ten Days